UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| XUDONG SONG, et al., | ) | CASE NO. 1:15-cv-1438 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVOR ROM, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court are two motions: the motion of defendants Davor Rom, Investor Income Properties, LLC and IIP Ohio LLC to dismiss portions of plaintiffs' second amended complaint (Doc. No. 36), and the motion of defendant Davor Rom and counterclaimant/third-party plaintiff IIP Akron, LLC to dismiss plaintiffs' amended counterclaims (Doc. No. 49).[1]

### I. BACKGROUND

This case, filed on July 21, 2015, already has a complicated procedural history. The entire history need not be repeated; however, the Court will summarize the parties and claims for the sake of context.

For purposes of the motions to dismiss, the following factual allegations are taken as true. Plaintiff Xudong Song ("Song") is a Chinese citizen who purchased from Davor Rom ("Rom") and his companies sixty (60) real estate parcels located in Cleveland, Akron, and Columbus, and subsequently transferred all the parcels to his company, Sunshine International, LLC ("Sunshine"), of which he is the sole member. (SAC ¶ 2.) IIP Ohio, LLC ("IIP Ohio") is an

---

[1] Plaintiffs filed briefs in opposition to each motion (Doc. Nos. 39 and 52, respectively) and defendants filed replies (Doc. Nos. 44 and 53, respectively).

Ohio limited liability company located in Cleveland that marketed and sold real properties to plaintiffs. (*Id.* ¶ 3.) Investor Income Properties, LLC ("Investor Income") is an Ohio limited liability company located in Cuyahoga County, Ohio. (*Id.* ¶ 4.) Defendant Rom is allegedly "an owner, principal, and member" of IIP Ohio and Investor Income (collectively, the "Defendant Companies"). (*Id.* ¶ 5.)

The operative pleadings at this stage of the proceedings are:

(a) the Second Amended Complaint of Xudong Song and Sunshine International, LLC against Davor Rom, Investor Income Properties LLC and IIP Ohio, LLC (Doc. No. 32 ["SAC"]), containing six claims: (1) fraud-fraudulent inducement; (2) piercing the corporate veil; (3) conversion; (4) breach of contract; (5) breach of fiduciary duty; and (6) unjust enrichment;

(b) the First Amended Counterclaim of IIP Akron, LLC against Xudong Song and Sunshine International, LLC (Doc. No. 41 ["FACC"]), containing three counts: (1) breach of contract with respect to a note and mortgage; (2) declaratory judgment and equitable lien; and (3) foreclosure; and

(c) the Counterclaim of Xudong Song and Sunshine International, LLC against IIP Akron, LLC and Davor Rom (Doc. No. 45 ["CC"]),[2] containing seven counts: (1) fraudulent inducement in the purchase and sale of properties; (2) fraudulent inducement in executing the note and mortgage; (3) fraudulent concealment; (4) unjust enrichment; (5) breach of fiduciary duty; (6) breach of contract; and (7) pierce the corporate veil.

Plaintiffs allege in the SAC that defendants "have held themselves out to be in the business of selling properties located in Ohio to investors and providing leaseback management services for 'hands free' investments." (*Id.* ¶ 10.) Rom allegedly "created a network of

---

[2] Doc. No. 45 is somewhat unusual. Plaintiffs sought leave to file their SAC, which removed three defendants, including IIP Akron, LLC. But before leave to amend was granted, IIP Akron, LLC filed its answer to the first amended complaint, along with a counterclaim against Xudong Song for breach of a promissory note and mortgage, and for foreclosure. When the Court granted plaintiffs leave to file the SAC, it expressly noted that the counterclaims of IIP Akron, LLC would survive, notwithstanding that party's removal as a defendant in the SAC. When Xudong Song and Sunshine International, LLC filed their answer to IIP Akron, LLC's counterclaims, they included their own counterclaims against Davor Rom *and* IIP Akron, LLC, which are substantially similar to the claims in the SAC from which IIP Akron, LLC was *removed*.

2

companies to sell properties located in Ohio to investors across the world." (*Id.* ¶ 11.) He also allegedly used "a network of other connected companies," including Close to Home Realty LLC, to turn over his real estate transactions "within minutes" of his having made a property purchase. (*Id.* ¶¶ 12, 13.) The gravamen of plaintiffs' overall allegations in the SAC is that defendants' advertisements contained many false representations successfully designed to attract foreign investors, but that, once contracts were executed, defendants failed to deliver on any of their promises, and their misrepresentations only then became apparent.

In Doc. No. 36, Rom, Investor Income, and IIP Ohio move to dismiss all claims in the SAC against Rom and Investor Income, all claims against IIP Ohio except claim 4, and all claims premised upon agreements to which the defendants are not parties. In Doc. No. 49, IIP Akron moves that it was previously dismissed and must remain so. Further, and in the alternative, Rom and IIP Akron move to dismiss all but count six of the CC, all claims against Rom individually, all claims premised upon agreements to which neither Rom nor IIP Akron were parties, and all claims based upon actions of entities that are not parties to this action.

## II. DISCUSSION

**A.**     **Applicable Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)

(quoting *Twombly*, 550 U.S. at 570). Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "The court need not, however, accept unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

B.    The Individual Arguments

*1. Claims Against Investor Income*

Defendants argue correctly that there are no substantive allegations to link defendant Investor Income to any of the allegations of the SAC. Other than identifying Investor Income as allegedly owned by Rom, there are no further allegations, and ownership by itself would not be enough to make Investor Income liable for anything alleged in the SAC. Therefore, under the standards cited above, Investor Income is entitled to be dismissed from this lawsuit and the same is hereby ordered.

*2. Claims Against Rom Individually*

Defendants also argue that Rom should be dismissed from the SAC and from the CC because, even if he owns a company that is later shown to be liable to plaintiffs, he is not personally liable because he is not himself a party to any contract with plaintiffs.

Plaintiffs argue that they have set forth "piercing the corporate veil" as a separate cause of action against Rom. In Ohio, "the corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the

corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Belvedere Condo. Unit Owners' Ass'n v. R.E. Roark Cos., Inc.*, 617 N.E.2d 1075, 1085 (Ohio 1993), syllabus ¶ 3 (as modified by *Dombroski v. Wellpoint, Inc.*, 895 N.E.2d 538 (Ohio 2008), syllabus).[3]

Plaintiffs assert that "[t]he question of control, in the context of piercing the corporate veil 'is a fact-sensitive question which … should not be answered until the [p]laintiffs have had some opportunity to conduct discovery on this matter.'" (Doc. No. 39 at 1039, quoting *Orrand v. Kin Contractors, LLC*, No. 2:09 CV 1129, 2011 WL 1238301, at *4 (S.D. Ohio Mar. 30, 2011) (additional citation omitted).) Plaintiffs' citation to *Orrand* with respect to the first prong of the *Belvedere* test is accurate; but that court went on to conclude that plaintiffs had not sufficiently pleaded facts to support the second and third prong.

The court in *Orrand* explained: "While disregard of the corporate entity is not a cause of action itself, it is a means of imposing liability on a defendant; therefore, each basis for piercing the corporate veil is an independent ground of recovery that must be specifically pleaded. As such, each element of the *Belvedere* test must be sufficiently well-pleaded[.]" *Orrand*, 2011 WL 1238301, at *4. Here, the Court concludes that plaintiffs have met this pleading standard, for purposes of a motion to dismiss where the allegations are taken as true.

---

[3] In *Dombroski*, the Ohio Supreme Court clarified that, "[t]o fulfill the second prong of the *Belvedere* test for piercing the corporate veil, the plaintiff must demonstrate that the defendant shareholder exercised control over the corporation in such a manner as to commit fraud, an illegal act, *or a similarly unlawful act*." (emphasis added). The court rejected the liberal construction applied to the second prong by several lower courts, determining that the prong is not satisfied where control is exercised to commit merely *unjust* or *inequitable* acts. *Dombroski*, 895 N.E.2d at 542.

Plaintiffs allege that Rom "created a network of companies to sell properties located in Ohio to investors across the world[,]" (SAC ¶ 11), and that the use of this network "gave [p]laintiffs the appearance that [they] were dealing with legitimate and unrelated businesses, and they were entering into arm's length transactions, *as opposed to an individual using different LLCs to manipulate price and defraud purchasers*." (*Id.* ¶ 28, emphasis added.) Plaintiffs also allege that they invested in the properties based on representations, which turned out to be false, that "Rom and his companies: (1) promised to lease back and manage the properties …; (2) guaranteed a net return on the investment for the first two years …; (3) represented the property as newly renovated and being in great condition …; (4) represented that the properties … were in a prime location …; (5) represented the appreciation potential as massive; and (6) represented themselves as large, reputable companies …." (*Id.* ¶ 17.) Plaintiffs allege that they have suffered "enormous losses." (*Id.* ¶ 31.) Finally, they allege that, "because [defendants] claimed that the properties were rented to tenants, [defendants] should have had the money to pay [p]laintiffs and to finish the renovations." (*Id.* ¶ 39.) Since plaintiffs have not been paid and have not realized the expected return on their investment, they allege that either defendants must have already been "insolvent" at the time plaintiffs bought the properties, or Rom must have "intermingled [the] companies' funds with his personal funds[,]" and "diverted the sales proceeds and rent collected for his own benefit." (*Id.* ¶¶ 36, 39.)[4]

---

[4] Plaintiffs also allege that "Rom's use of IIP Defendants to defraud [them] and to shield himself from liability was *unjust* and injured [p]laintiffs." (SAC ¶ 40, emphasis added.) Under *Dombroski*, allegations of unjust or inequitable action are insufficient to establish the second prong of the *Belvedere* test for piercing the corporate veil. But, the third prong of the *Belvedere* test refers to "unjust loss" to the plaintiff. The Court construes this passing mention of "unjust" in ¶ 40 as intending the latter meaning.

In light of these allegations, at this juncture, Rom is not entitled to dismissal of the claims against him individually.[5]

### 3. Claims of Fraud, Conversion, Breach of Fiduciary Duty, & Unjust Enrichment

Defendants next argue that the state tort claims of fraud, conversion, breach of fiduciary duty, and unjust enrichment must be dismissed because plaintiffs' sole recourse is through a breach of contract claim. Defendant is correct with respect to the claims for conversion, unjust enrichment, and breach of fiduciary duty, as they are pleaded. Those three claims seek relief that is only available, if at all, under the contract(s). Therefore, counts three, five and six of the SAC and counts four and five of the CC are all dismissed. The situation is not as clear, at this juncture, with respect to the various fraud/fraudulent inducement claims. These may still exist if defendants owe plaintiffs duties separate from contractual duties *or* if they entered into contracts never intending to perform as promised. *See King v. The Hertz Corp.*, No. 1:09CV2674, 2011 WL 1297266, at *3 (N.D. Ohio Mar. 31, 2011) ("plaintiff can maintain a tort claim for fraud in the inducement or promissory fraud occurring in a contractual relationship because both theories raise separate and independent legal duties that are considered outside the contract"). The allegations seem to suggest that possibility and, therefore, dismissal of count one of the SAC and counts one, two, and three of the CC is not appropriate.

### 4. Other Contract Claims

Defendants further argue that they cannot be liable on a breach of contract theory under either the SAC or the CC for any contract to which they are not parties or for any actions attributable to entities who are not defendants in this lawsuit. This, of course, is correct – a

---

[5] The Court takes no position as to whether any or all of these allegations will be borne out by discovery.

person cannot breach a contract unless it is a party to that contract. To that extent, the motions to dismiss are granted.

### 5. *Claims Against IIP Akron*

Finally, defendant IIP Akron argues that this Court's order granting leave to file the SAC, which removed IIP Akron as a defendant, constituted a dismissal of IIP Akron and, therefore, all newly filed claims against IIP Akron in the CC must be dismissed. This misapprehends the nature of the dismissal in the Court's order of September 29, 2015. Under Fed. R. Civ. P. 41(a)(1)(B) *and* (a)(2), this type of dismissal is without prejudice. There was nothing to prevent plaintiffs from bringing IIP Akron back in by way of its CC.

## III. CONCLUSION

For the reasons set forth above, defendants' motions to dismiss (Doc. Nos. 36 and 49) are granted in part and denied in part. Investor Income Properties LLC is dismissed entirely from this lawsuit. Plaintiffs' claims of conversion, unjust enrichment, and breach of fiduciary duty are dismissed from the lawsuit. Any contract claims against a defendant who is not a party to the contract or which is based on actions of an entity who is not a defendant in this lawsuit are dismissed. In all other respects, the motions to dismiss are denied.

**IT IS SO ORDERED**.

Dated: February 24, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**