# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| XUDONG SONG, et al., | ) | CASE NO. 1:15-cv-1438 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| DAVOR ROM, et al., | ) | **AND ORDER** |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Before the Court is plaintiffs' motion to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). (Doc. No. 108.) Defendants Davor Rom and IIP Ohio LLC have filed an opposition brief (Doc. No. 110), as has defendant IIP Akron, LLC (Doc. No. 111). Plaintiffs filed a single reply brief. (Doc. No. 112), which prompted defendants Rom and IIP Ohio to move for leave to file a surreply. (Doc. No. 113.) The motion for leave to file a surreply is granted, and the surreply attached to the motion (Doc. No. 113-1) shall be deemed filed. For the reasons discussed herein, plaintiffs' motion to voluntarily dismiss without prejudice is denied.

## DISCUSSION

After pursuing this case for nearly seventeen (17) months, through numerous iterations of the complaint, including an unsuccessful attempt five (5) months ago to file a fourth amended complaint,[1] and after completion of non-expert discovery and expiration of the deadlines for expert discovery, plaintiff now moves for dismissal without prejudice. The motion asserts that there are no pending counterclaims, and that there will be no prejudice to defendants. The motion

---

[1] In fairness to plaintiffs, this would have been only their third attempt to amend had the Court not itself directed the filing of the actual third amended complaint, aimed at clarifying the very confusing pleadings.

further states that plaintiffs intend to refile the case (apparently in state court), adding the claims and parties that this Court prohibited when it denied leave to amend a fourth time.

Defendants argue for dismissal with prejudice[2] and, in any event, oppose dismissal without prejudice, unless it is conditioned upon plaintiffs' agreeing to pay defendants' current costs, including reasonable attorneys' fees, if plaintiffs later file an action including similar allegations against defendants.[3]

## A.    Voluntary Dismissal Without Prejudice

Plaintiffs' seek an order of dismissal without prejudice. Under Fed. R. Civ. P. 41(a)(2), after a defendant files an answer, absent agreement by the defendant, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "[T]he purpose of [the rule] is to protect the nonmovant, here the defendants, from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009) (citing *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994)). As a general rule, dismissal under Rule 41(a)(2) is without prejudice.

It is within the "sound discretion" of the district court to grant a Rule 41(a)(2) motion for voluntary dismissal. *Grover*, 33 F.3d at 718. Generally, a decision to do so would be improper

---

[2] "The decision to dismiss with prejudice is a harsh sanction[.]" *Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 495 (6th Cir. 1990). Here, where there is no argument that there is any underlying bar to the anticipated refiling of the complaint, such as a time bar or the like, dismissal with prejudice would arguably be an abuse of this Court's discretion.

[3] Defendant IIP Akron also argues that it has a pending counterclaim that prohibits dismissal. But, that is no longer true. Although this Court, in permitting plaintiffs to file their second amended complaint ("SAC"), expressly noted that it did so on the condition that IIP Akron's counterclaim in response to the first amended complaint would survive (even though IIP Akron was no longer a named defendant in the SAC), that later changed. After plaintiffs brought IIP Akron back in by way of their own answer/counterclaim to IIP Akron's preserved counterclaim, the Court directed plaintiffs, due to the complete disarray of the pleadings, to file a third amended complaint ("TAC") that would be consistent with all prior rulings of the Court and would include the claims in the SAC. Thereafter, the defendants, including IIP Akron, filed their responsive pleadings to the TAC. At that point, IIP Akron should have re-included its preserved counterclaim; but it did not. (*See* Answer of IIP Akron to TAC, Doc. No. 70.) Therefore, there are no counterclaims currently in the case.

only if "the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (citations omitted). Further, the fact that plaintiff might gain some tactical advantage through voluntary dismissal does not, in itself, constitute prejudice. *Id.* "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citations omitted).

Defendants here have spent a significant amount of time getting this case trial-ready. Discovery is complete; expert discovery has not been conducted and the deadlines for doing so have expired. Along the way, defendants have (1) responded to the complaint and three amended complaints; (2) successfully fended off an attempt to file a fourth amended complaint (which plaintiffs now intend to pursue through refiling); and, (3) successfully prosecuted a motion to dismiss, resulting in elimination of plaintiffs' claims of conversion and breach of fiduciary duties (which plaintiffs intend to reassert upon refiling). All that now remains before final preparations for the trial is the full briefing and resolution of dispositive motions, which were filed on January 13, 2017. All of this work will be rendered ineffective, at least in part, if plaintiffs are permitted to dismiss and then refile, adding parties and claims, and requiring new discovery. Even the discovery that is already completed will be rendered partially incomplete once new parties and/or claims are (re)introduced. This element of the *Grover* test for legal prejudice weighs in favor of defendants' position with respect to dismissal without prejudice.

As to excessive delay and lack of diligence, it can hardly be emphasized enough that, from the outset, plaintiffs have had a cavalier attitude with respect to their pleadings. This was

3

explained in a Memorandum Opinion and Order dated February 24, 2016. (Doc. No. 65.) It was alluded to again in an Order of the same date directing plaintiffs to "bring clarity to the pleadings" by "fil[ing] a third amended complaint that is consistent with the Court's rulings to date, while also consolidating the claims currently contained in the [various controlling pleadings]." (Doc. No. 66.) At that time, given plaintiffs' history, the Court "admonished [plaintiffs] not to elaborate on, or in any way expand, the surviving claims and/or supporting allegations." (*Id.*) Plaintiffs filed their third amended complaint on March 4, 2016. (Doc. No. 67.)

The Court had also set a final deadline of April 22, 2016 for amendment of the pleadings. Four days before that deadline, plaintiffs moved for an extension of time to amend yet again, which defendants opposed. (*See* Doc. Nos. 76, 79, 81.) While the motion for extension was pending, on May 23, 2016, plaintiffs filed a motion to amend and, with no leave having been granted, they simply filed their fourth amended complaint, which was later stricken. Leave to file that complaint was formally denied on June 27, 2016, in an Order (Doc. No. 96) that once again outlined the torturous state of the prior pleadings. The Court ruled that it would "not permit a constant stream of amended complaints as plaintiffs, bit by bit, 'discover' so-called 'new' allegations." (*Id.* at 1847, citing cases pointing to the principle that the federal rules are "designed to ensure that 'at some point both the parties and the pleadings will be fixed.'".) The Court also identified in some detail the flaws in the proposed fourth amended complaint, and pointed out that it bore "no resemblance to any of the former three versions of the complaint." (*Id.* at 1849 n.6.)

Within a week, plaintiffs filed for reconsideration, suggesting that this Court may have been influenced in its ruling by an "ex parte" letter it had received from a non-party, despite the

fact that the Court had timely supplied a copy of that letter to all counsel of record upon its receipt. On July 5, 2016, the Court granted reconsideration but, upon such reconsideration, adhered to its original decision not to grant leave to file a fourth amended complaint. The Court noted, *inter alia*, that "it is as if plaintiffs' counsel never even read the Court's June 27 order denying leave to amend, which set forth very clearly and at some length several bases for denial of the motion." (Doc. No. 99 at 1936.) The Court also "declare[d] without equivocation that the letter (not being part of the record) had no influence on the Court and did not enter into its consideration of the motion for leave to amend." (*Id.*)[4]

Given this lengthy delay of the proceedings, recounted above, the second element of the *Grover* test for legal prejudice also weighs in favor of defendants' position with respect to dismissal without prejudice.

Turning to the third element of the *Grover* test, insufficient explanation for the need to take a dismissal, this, too weighs in favor of defendants. Plaintiffs have provided no explanation for the proposed dismissal, and it is quite plain that their sole motivation is to evade both the jurisdiction of this federal court, which they originally freely chose, *and* to file as a new complaint in state court the fourth amended complaint (or some modified version of it) that this Court already denied leave to file.[5] This is practically the definition of "forum shopping."

---

[4] The Court also admonished as follows:

> Plaintiffs and their counsel are also placed on notice that the Court will consider sanctions against them, up to and including dismissal of this case with prejudice, should they persist in filing frivolous motions that do no more than re-assert already-failed arguments or which raise issues that do not advance the case in any significant way. All counsel, on both sides, shall devote their energies solely to efforts that move this case toward resolution.

(Doc. No. 99 at 1938.)

[5] It is not entirely clear that any complaint filed in state court would not be immediately removable on the basis of diversity, in which case, it would be reassigned to the undersigned judicial officer under this district court's local rules. The Court can easily envision that all the motions already addressed in the instant case would simply be refiled, rebriefed, and redecided – an exercise that would be clearly a waste of everyone's resources.

Therefore, the third element of the *Grover* test for legal prejudice weighs in favor of defendants' position with respect to dismissal without prejudice.

With respect to the fourth element of the *Grover* test (whether a motion for summary judgment has been filed) at the time plaintiffs filed their motion to voluntarily dismiss, the dispositive motion deadline was still one month away. Now, however, dispositive motions have been filed (*see* Doc. Nos. 114 and 115), and plaintiffs' opposition briefs are due by February 13, 2017.[6] In addition, over the course of proceedings, there have been numerous motions to dismiss and other motions (e.g. to amend, for reconsideration) that have consumed significant resources of both defendants and the Court. If these proceedings had advanced the case, that would be one thing; but, here, fully *two months* after a Standard Track case, by Local Rule, should already have been resolved, and a mere month before dispositive motions were due, plaintiffs are still trying to bring in parties and claims and are willing to dismiss so as to position themselves to do so in what they must perceive to be a friendlier forum, namely, state court.

Although it appears that voluntary dismissal without prejudice is not warranted, the Court does have an available alternative, which is discussed below.

**B.    Dismissal Without Prejudice Upon Proper Terms**

Defendants ask that, if the case is dismissed without prejudice, it would be conditioned on a requirement that plaintiffs pay defendants' costs in this action, including attorneys' fees, should they refile a complaint against defendants that is substantially the same.

A court has discretion to impose conditions upon a voluntary dismissal without prejudice, and it is common that the condition is payment of defense costs. *Duffy v. Ford Motor Co.*, 218

---

[6] Plaintiffs have also filed a motion to stay the briefing deadline until the instant motion to voluntarily dismiss is resolved. (*See* Doc. No. 118.) This motion has been opposed (Doc. Nos. 119, 121) and plaintiffs have filed a reply (Doc. No. 120).

F.3d 623, 629 (6th Cir. 2000); *Massey v. Ferndale*, No. 96-1386, 1997 WL 330652, at *3 (6th Cir. June 16, 1997) (table decision) ("[c]ourts frequently require Plaintiffs to pay defense costs as a precondition to the granting of a dismissal without prejudice under Rule 41(a)(2)) (citation omitted). However, "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims. *Spar Gas, Inc. v. AP Propane, Inc.*, No. 91-6040, 1992 WL 172129, at *2 (6th Cir. July 22, 1992) (table decision) (citations omitted). In addition, if a court does decide to condition voluntary dismissal without prejudice upon the payment of defense costs, "a notice to the [plaintiff] of the court's intent to do so is required … because a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) 'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *Kebede v. Johnny Rockets Grp., Inc.*, No. 2:05-CV-0006, 2005 WL 2493288, at *3-4 (S.D. Ohio Oct. 7, 2005) (internal citations omitted).

If this case is dismissed and plaintiffs then refile it in state court, much of what has occurred here in the form of discovery will likely need to be repeated given plaintiffs' stated intention to add parties and claims. New parties will certainly want to engage in discovery and the current defendants will be forced to re-walk that path in order to protect their own interests. Furthermore, plaintiffs seem to suggest that they will even attempt to revive claims that this Court has already dismissed, requiring the current defendants to reassert their arguments for dismissal.[7]

---

[7] As already noted, if the newly-filed case is removed, which it likely would be, the undersigned judicial officer would be assigned the case and would have to start all over making determinations that have already been made, with little or no possibility that the outcome would be different.

7

In addition, given that this Court would be constrained to award defendants only those legal fees that could be attributed to wasted work (*i.e.* legal work that would not be applicable to the new litigation), the Court envisions that there will likely be great difficulty in sorting out, by way of post-dismissal motions filed after a new case is instituted, whether the new claims against the old defendants are sufficiently similar, whether legal work is or is not "re-usable," whether legal work that is not "re-usable" was necessary, and whether the fees charged were reasonable. This would threaten to become the proverbial "satellite litigation," and would detract from resolution of the case on the merits.

## CONCLUSION

In light of the discussion above, plaintiffs' motion to voluntarily dismiss without prejudice (Doc. No. 108) is denied.

Plaintiffs' motion to stay dispositive motion deadlines (Doc. No. 118),[8] which is now construed as a motion to extend the deadlines, is granted. Plaintiffs' separate briefs[9] in opposition to the summary judgment motions shall be filed February 24, 2017, and defendants' separate replies, if any, shall be due by March 6, 2017.[10]

**IT IS SO ORDERED**.

Dated: February 10, 2017

                                                      **HONORABLE SARA LIOI**
                                                      **UNITED STATES DISTRICT JUDGE**

---

[8] In the reply brief relating to this motion to stay, plaintiffs suggest that Davor Rom may be considering filing for bankruptcy. Should that occur, since it may require an automatic stay of some or all of the case, appropriate written notice shall be timely supplied to the Court.

[9] The Court does not permit combined briefs.

[10] The Court will reserve judgment for now as to whether to continue the Final Pretrial Conference (June 8, 2017) and the two-week standby trial date (June 26, 2017).