UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| XUDONG SONG, et al., | ) | CASE NO. 1:15-cv-1438 |
|---|---|---|
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| vs. | ) | |
| DAVOR ROM, et al., | ) | **MEMORANDUM OPINION AND ORDER** |
| DEFENDANTS. | ) | |

Before the Court are post-judgment motions for judgment as a matter of law filed under Fed. R. Civ. P. 50(b) by defendant IIP Ohio, LLC ("IIP Ohio") (Doc. No. 205 ["IIP Ohio Mot."]) and defendant Davor Rom ("Rom") (Doc. No. 213 ["Rom Mot."]). Plaintiffs Xudong Song and Sunshine International, LLC (collectively, "Song") filed briefs in opposition to each motion. (Doc. No. 206 ["IIP Ohio Mot. Opp'n"]; Doc. No. 222 ["Rom Mot. Opp'n"].) IIP Ohio and Rom filed replies. (Doc. No. 209 ["IIP Ohio Mot. Reply"]; Doc. No. 225 ["Rom Mot. Reply"].) As set forth herein, the motion of IIP Ohio, LLC (Doc. No. 205) is **granted** and the motion of Davor Rom (Doc. No. 213) is **denied**.

Song attached a chart to plaintiffs' brief in opposition to Rom's motion. (Doc. No. 222-1.) Both defendants have moved to strike this chart. (Doc. No. 224 ["Mot. Strike"].) Song filed an opposition brief (Doc. No. 227 ["Mot. Strike Opp'n"]) and defendants filed a reply (Doc. No. 228 ["Mot. Strike Reply"]). As set forth herein, defendants' motion to strike is **granted**.

## I. RELEVANT BACKGROUND

Song, a Chinese national who invests in real estate, sued IIP Ohio and Rom alleging fraudulent inducement with respect to his purchase of certain rental properties in Ohio. (*See* Doc. No. 67, Third Amended Complaint, Count One.) Song claimed that he was promised double-digit returns on his investment, but the anticipated income never materialized due to the allegedly undisclosed condition of the properties. A jury trial was conducted and, on June 30, 2017, verdicts in favor of Song were entered against each defendant separately. However, when it came to the award of actual damages, the jury awarded $0 against IIP Ohio and $50,000.00 against Rom. No punitive damages were awarded against either defendant. (*See* Doc. No. 202 at 8102 and 8103.[1])

IIP Ohio seeks judgment as a matter of law, claiming that, given the zero award of damages, Song failed to establish the sixth element of a fraudulent inducement claim as to IIP Ohio. Rom also seeks judgment, claiming that there is insufficient evidence in the record to support the award of $50,000.00 and, in any event, the "no-reliance" clause in all of the agreements between the parties precludes recovery.

## II. DISCUSSION

**A.     Standard of Review**

Judgment as a matter of law is appropriate only when, construing the evidence in the light most favorable to the nonmoving party, "'there is a complete absence of fact to support the verdict, so that no reasonable juror could have found for the nonmoving party.'" *Kiphart v. Saturn Corp.*, 251 F.3d 573, 581 (6th Cir. 2001) (quoting *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1078 (6th Cir. 1999)). The Court does not "weigh the evidence, evaluate the credibility of

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

2

the witnesses, or substitute [its] judgment for that of the jury." *Black v. Zaring Homes, Inc.*, 104 F.3d 822, 825 (6th Cir. 1997) (citations omitted). "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (citing *Wilkerson v. McCarthy*, 336 U.S. 53, 62, 69 S. Ct. 413, 93 L. Ed. 497 (1949)).

**B.      Fraud in the Inducement**

The jury was instructed[2] that, to establish fraud in the inducement, Song had to prove the following by a preponderance of the evidence: (1) a representation made by the defendant that relates to the past or to the present; (2) the representation is material to the transaction at hand; (3) the representation was made falsely, with knowledge of its falsity, or with such utter disregard and recklessness towards the truth or falsity of the representation that knowledge may be inferred; (4) the representation was made with an intent to mislead another into relying on it; (5) actual justified reliance by the plaintiff on the representation; and, (6) resulting injury to the plaintiff proximately caused by the reliance.

**1.      IIP Ohio's Motion (Doc. No. 205)**

IIP Ohio moves for judgment as a matter of law, arguing that, in light of the jury's award of $0 in actual damages against IIP Ohio, "reasonable minds could only conclude that plaintiffs had not satisfied their burden of proof as to the sixth element of their fraudulent inducement claim when viewing the evidence in the light most favorable to plaintiffs." (IIP Ohio Mot. at 8121.)[3]

---

[2] Neither party has supplied a copy of the transcript for the Court's instructions to the jury. Nonetheless, the Court has the practice of retaining its own copies of its jury instructions.

[3] In opposition to IIP Ohio's motion, Song argues that the Court "should reconcile the verdict and the answer to jury interrogatory No. 2 to enter judgment for [Song] and against IIP Ohio and [Rom] jointly and severally for $50,000." (IIP Ohio Mot. Opp'n at 8124.) Song asserts that the jury undoubtedly "enter[ed] an amount of damages only once" due to the jury instruction that, "[i]rrespective of the number of defendants, the plaintiff may only receive full compensation once for the same injury." (*Id.* at 8126.) But, as pointed out by IIP Ohio in reply, plaintiffs never

IIP Ohio is correct. "Resulting injury" is an *element* of the claim of fraudulent inducement, and Song failed to establish that element as to IIP Ohio, as reflected by the jury's answer to Interrogatory No. 2. (Doc. No. 201 at 8082.) As a result, IIP Ohio is entitled to judgment as a matter of law on the fraudulent inducement claim. *See, Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding that summary judgment[4] is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"); *Columbia Gas Transmission Corp. v. Ogle*, No. 97-3910, 1998 WL 879583 at *4 (6th Cir. Nov. 25, 1998) (it was not error to grant summary judgment in counterclaim-defendant's favor on counterclaim-plaintiffs' fraud claim because plaintiffs "cannot successfully show that they suffered an injury as a result of [the] alleged misrepresentation[]").

IIP Ohio LLC's motion for judgment as a matter of law (Doc. No. 205) is **granted**.[5]

2. **Rom's Renewed Motion (Doc. No. 213) and Motion to Strike (Doc. No. 224)**

    a. **Failure to present evidence of actual value of each property at time of sale**

In Rom's motion for judgment as a matter of law, he argues that Song failed to present the jury with any evidence of damages and/or any reasonable method to calculate damages. (Rom Mot. at 8254.) Rom notes that the proper measure of damages, as the jury was instructed, is "the difference between the value of the property as represented and the actual value of the property at

---

proposed a jury instruction on joint and several liability, nor objected to the instructions that were given for any failure to include that instruction. (IIP Ohio Mot. Reply at 8132.) And even more notably, plaintiffs have not filed their own motion seeking reconciliation of the jury's interrogatory answers and/or verdicts.

[4] *See also Anderson*, 477 U.S. at 250-51 (the standard for summary judgment mirrors the standard for judgment as a matter of law, such that "the inquiry under each is the same").

[5] Although the Court grants the motion, it is not entirely clear why IIP Ohio, LLC felt the motion was necessary, given that no damages were awarded.

the time of the sale." (*Id.* at 8254-55 (footnote omitted).) Rom points out that there was no expert testimony to establish the value of any properties at the time of the transaction, and Song, as the owner (who would have been permitted to testify as to value in lieu of an expert[6]), failed to present any such testimony. (*Id.* at 8255-56.) Therefore, in Rom's view, the $50,000.00 award was not only speculative, but completely baseless. (*Id.* at 8256.)

In opposition, Song states that Rom is "conflat[ing] the existence of an injury with the quantification of its damage." (Rom Mot. Opp'n at 8464.) Song concedes that plaintiffs did not "explain to the jury how to utilize [the] evidence so as to maximize the calculation of those damages." (*Id.*) To correct this failure, Song now attaches to the opposition brief a chart purportedly based on the trial record that would support an award of damages in excess of $350,000.00. (*See* Doc. No. 222-1.)

Rom and IIP Ohio jointly move to strike this chart, arguing that it is not a part of the trial record and was never shown to the jury, although it could have been shown during the presentation of Song's case. (Mot. Strike at 8585.) Song asserts, in opposition to the motion to strike, that the chart is merely "an illustrative aid which summarizes, clarifies, and simplifies the calculations of the damages caused by Rom's misconduct." (Mot. Strike Opp'n at 8655, citing *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998).) In *Bray*, the court distinguished charts or summaries that are "'admitted as evidence under [Fed. R. Evid.] 1006'" from those that are "'pedagogical devices which organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence.'" *Id.* (quoting *Gomez v. Great Lakes Steel Div., Nat'l Steel*

---

[6] *See Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 605 N.E.2d 936 (Ohio 1992), syllabus para. 2 ("As an exception to the general rule, an owner is permitted to testify concerning the value of his property without being qualified as an expert, because he is presumed to be familiar with it from having purchased or dealt with it.") (citation omitted).

5

*Corp.*, 803 F.2d 250, 257-58 (6th Cir. 1986)). The court in *Bray* further clarified that the latter pedagogical devices "'are more akin to argument than evidence [and are] [q]uite often . . . used on summation.'" *Id*. (quoting *Gomez*). Therefore, they should be "'accompanied by a limiting instruction which informs the jury of the summary's purpose and that it does not itself constitute evidence.'" *Id.* (quoting *Gomez*).

The Court finds disconcerting Song's belated attempt to marshal alleged damages evidence, perhaps with an eye toward influencing the record on appeal.[7] This chart was not presented to the Court at trial nor even suggested for possible use; it was neither shown to the jury during the presentation of evidence nor argued to the jury during closing, where it would have been accompanied by an appropriate limiting instruction.[8] While the chart may simply be an organized presentation of some of the evidence that was before the jury, the Court is hesitant to consider it at this stage of the proceedings.

Accordingly, the motion to strike (Doc. No. 224), which the Court considers as a motion to disregard the document, is granted.

Although there is no requirement that damages be proved with mathematical precision, "[i]n general, compensatory damages must be shown with certainty, and damages that are merely speculative will not give rise to recovery." *The RAE Assoc., Inc. v. Nexus Commc'ns, Inc.*, 36 N.E.3d 757, 764 (Ohio Ct. App. 2015) (citation omitted). In view of the evidence presented at trial,

---

[7] In fact, the brief in opposition to the motion to strike argues (perhaps also with an eye toward appeal, where, at first blush, this chart might prove quite convincing to someone without intimate familiarity with the proceedings below) that the chart shows that "record evidence exists to have sustained an even larger judgment for plaintiffs." (Mot. Strike Opp'n at 8655, capitalization omitted.)

[8] Although it purports to be constructed from record evidence largely in the form of trial exhibits, none of those exhibits are supplied for purposes of verification of the information in the chart. Certainly, the Court cannot be expected to remember the contents of dozens of trial exhibits.

6

Rom's argument that the $50,000.00 award of damages for fraudulent inducement was purely speculative is unpersuasive.

The jury had sufficient information from which to compute damages according to the Court's instructions. The various purchase agreements supplied the actual value of each property at the time of the transaction and, although Rom characterizes the projected ROIs contained in the various exhibits as mere estimates of future profits, the Court concludes that the promised ROI was evidence of the value of each investment property as represented by Rom.

Although there is no mathematical way to definitively compute a damages award of $50,000.00, the Court cannot conclude that "there is a complete absence of fact to support the verdict[.]" *Kiphart*, 251 F.3d at 581. The jury determined from the information in the exhibits admitted and in the testimony given that damages in the amount of $50,000.00 was established. It is not for the Court to second guess the jury at this juncture. *Williams v. Nashville Network*, 132 F.3d 1123, 1130-31 (6th Cir. 1997) (when the sufficiency of the evidence is challenged in the context of a Rule 50(b) motion, "[t]he judgment of [the] court should not be substituted for that of the jury").

    b.    **Failure to prove reasonable reliance**

Rom also asserts that Song failed to establish the requisite reliance for a fraudulent inducement claim.

Rom first argues that the "no-reliance" provision of the various purchase agreements forecloses any conclusion that Song justifiably relied upon any representations made outside of the agreements. (*Id.* at 8256.) Although not citing any Ohio court opinion that has addressed the impact of a contractual no-reliance provision on a fraudulent inducement claim, Rom argues that "the rule in the majority of jurisdictions appears to be that a contractual agreement to 'forego

reliance on any prior false representation and limit . . . reliance to the representations . . . expressly contained in the contract' has the binding effect of negating an action based on fraud in the inducement." (*Id.* at 8257,[9] quoting *Billington v. Ginn-La Pine Island, Ltd., LLLP*, 192 So. 3d 77, 80 (Fla. 5th DCA 2016) (quoting *La Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 714 n.1 (Fla. 5th DCA 1998)).)

In a Sixth Circuit case not cited by Rom, addressing a similar argument at the summary judgment stage[10] in a securities fraud case, the court stated: "[W]e do not read the opinions of our sister circuits in the appellees' preferred manner: far from erecting a *per se* rule foreclosing the possibility of recovery for deceit in all situations where an allegedly injured party has signed a non-reliance clause, these opinions simply accord an appropriate weight to evidence of the signing of such a clause in the entire context of the alleged fraud." *Brown v. Earthbound Sports USA, Inc.*, 481 F.3d 901, 921 (6th Cir. 2007) (citations omitted). The court noted: "the law of our circuit requires us to engage in a contextual analysis in order to ascertain whether, as a matter of law, a party has introduced sufficient evidence of reasonable reliance. . . ." *Id.* "To erect a *per se* rule with respect to non-reliance clauses would undermine the essential point of undertaking a contextual analysis, and we do not choose to adopt such a blanket rule now." *Id.* The Sixth Circuit concluded that it would "leave the final determination of reliance to the trier of fact." *Id.*

Rom next argues that Song's failure to read the purchase agreements negated any claim of justifiable reliance, notwithstanding Song's assertion that, due to his limited ability with English, he was unable to understand the agreements. Rom points to Song's testimony that, despite having

---

[9] In a footnote, Rom cites several additional cases, none of which are from Ohio or the Sixth Circuit.

[10] This case can provide guidance because, as noted above, the standard for granting summary judgment "mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a)[.]" *Anderson*, 477 U.S. at 251 (citation omitted).

a bilingual translator available to him, Song opted not to read or translate any of the purchase agreements. (Rom Mot. at 8261, citing Tr. [Doc. No. 212] at 8233.) Rom claims that Song is the victim of his own lack of diligence, not Rom's actions.

Song properly argues in opposition that Rom's argument is no more than an attack on the jury's express finding, in response to interrogatories, that Song justifiably relied on one or more representations by IIP Ohio and by Rom. (Rom Mot. Opp'n at 8471, citing Answers to Jury Interrogatory Nos. 1 and 6 [Doc. No. 201].) The Court concludes, as Song also argues, that, in making this factual finding, the jury necessarily considered the Court's instruction on justifiable reliance, directing the jury to "consider the various circumstances involved, such as the nature of the transaction, the form and materiality of the representation, the relationship of the parties, the respective intelligence, experience, age, and mental and physical condition of the parties, and their respective knowledge and means of knowledge." Notably, in making its determination, the jury had before it for consideration the copy of the relevant contracts, each with their "no reliance" clause. There is no reason to conclude that the jury did not make an informed "final determination of fact" in this regard. *Brown*, 481 F.3d at 921.

Finally, Rom challenges admission of the various representations that Song claims to have relied upon, asserting that (1) they are barred by the parol evidence rule, especially given Song's acknowledgments in the purchase agreements that no additional representations had been made; and, (2) they do not relate to present or past fact, but to future assertions.[11] The parol evidence argument is little more than a repackaging of the "no-reliance" argument already addressed above. The "future assertions" argument would require the Court to reject the jury's finding that Rom

---

[11] Rom also asserts that the statute of frauds precludes any claim related to a guaranteed return on investment. The Court fails to see the relevance of this argument, given that the breach of contract claim was dismissed.

"made one or more representation(s) that related to the past or to the present[.]" (Jury Interrogatory No. 6 [Doc. No. 201 at 8086].)[12]

The Court cannot conclude that no reasonable juror would find justifiable reliance. Therefore, Rom is not entitled to judgment based on the failure of that element of the claim of fraudulent inducement.

### III. CONCLUSION

For the reasons set forth, the motion to strike (Doc. No. 224) filed by defendants IIP Ohio LLC and Davor Rom is **granted**. The motion for judgment as a matter of law filed by IIP Ohio LLC (Doc. No. 205) is **granted**, and the motion for judgment as a matter of law filed by Davor Rom (Doc. No. 213) is **denied**.

**IT IS SO ORDERED**.

Dated: March 28, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[12] In addition, the Court presumes the jury complied with the following instruction regarding representations: "Generally, fraud in the inducement must be based on a false representation of a present fact or a past fact. It cannot be based upon promises or representations relating to future actions or conduct. Representations regarding events that will be performed or will take place in the future are regarded as predictions and are not fraudulent. The exception to this rule is when the promise to perform a future act is made with the present intent by the defendant not to perform. For example, if a purchaser has no expectation of being able to pay for goods or services, it is the same as an intention not to pay. The burden to prove such an intention is on the one claiming fraud."